CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 0 4 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL DOUGLAS DAROCHA, | ) | |
| Plaintiff, | ) | Civil Action No. 7:08cv453 |
| v. | ) | **MEMORANDUM OPINION** |
| PETE KALLAN, | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

The plaintiff, Michael Douglas Darocha, filed this action for "illegal credit manipulation" along with a motion for leave to proceed in forma pauperis. The motion to proceed in forma pauperis will be granted. After conducting an initial screening of this action, however, the court concludes that it must be dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## FACTUAL BACKGROUND

The complaint, in its entirety, states as follows:

The complaint is against Pete Kallan, the assistant manager of the Crossroads branch Bank of America bank. The complaint is illegal credit manipulation.

The complaint is dated August 4, 2008 and is signed by the plaintiff. Although the complaint itself includes no demand, the civil cover sheet completed by the plaintiff requests $25,000.00 and states that the nature of the suit is a contract action.

## STANDARD OF REVIEW

With regard to all proceedings in forma pauperis, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v.

Charleston County, South Carolina, 434 F.3d 725, 728 (4th Cir. 2006). Title 28 United States Code Section 1915 governs such proceedings as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal -
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Therefore, the court has a mandatory duty to screen initial filings to determine whether they fall within any of the causes for dismissal set forth in § 1915(e)(2)(B). Eriline Co. v. Johnson, 440 F.3d 648, 656-7 (4th Cir. 2006). Although § 1915(e)(2) "does not authorize the district court to engage in factfinding to resolve disputed facts, it does permit the court to apply common sense, reject the fantastic, and rebut alleged matters with judicially noticeable facts." Nasim v. Warden, Maryland House of Corr., 64 F.3d 951, 954 (4th Cir. 1995).

The standard of review for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii). Newsome v. EEOC, 301 F.3d 227, 231 (5th Cir. 2002). Therefore, the court "should accept as true all well-pleaded allegations" and should construe those allegations in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993) (Rule 12(b)(6)). A complaint need not assert detailed factual allegations, but must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). Furthermore, even assuming the factual allegations in the complaint are true, they "must be enough to raise a right to

2

relief above the speculative level." 127 S. Ct. at 1965.

## DISCUSSION

In this case, the plaintiff has failed to allege <u>any</u> facts in support of his claim of "illegal credit manipulation." Specifically, there are no facts regarding what actions or omissions may have been taken by the defendant to support the plaintiff's claim. He has simply identified the defendant and his position of employment along with a mere label for his cause of action, just the sort of bare description prohibited by <u>Twombly</u>, <u>supra</u>. As a result, the plaintiff has failed to state a claim upon which relief may be granted, and this action must be dismissed.

The court also notes that the plaintiff has failed to specify the grounds upon which the court could exercise subject matter jurisdiction over this matter. He has failed to allege any violation of federal law which might support federal question jurisdiction under 28 U.S.C. § 1331, and the court is unable to make any inference as to a possible violation of federal law based upon the bare language of the complaint. In addition, if the plaintiff intends to assert a claim based upon diversity of citizenship, it appears that he has failed to satisfy the threshold amount in controversy requirement. <u>See</u> 28 U.S.C. § 1332(a) (the matter in controversy must exceed the sum of $75,000). As a result, it is also likely that the complaint would be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

In conclusion, the court finds that this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal will be without prejudice, however, therefore the plaintiff will have the opportunity to remedy the foregoing defects and file an appropriate complaint in the future should he choose to do so.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

ENTER: This 4th day of August, 2008.

/s/ Glen Conrad
United States District Judge